IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Malik Hagood; Laporsha Hagood; Iphigenia Jones; Kendra Andrews; Lashandra Hagood; Alimah Gray; Aniah Gray; Jeremiah Gray; Andrea Gray; M.G., by and through her mother, Alimah Gray; C.F., by and through his mother, Alimah Gray; D.F., by and through his mother, Alimah Gray,<br><br>Plaintiffs,<br><br>v.<br><br>William Busha, Shane Patrick Galloway, Cory Barrow, Chris Ballard, Craig Gardner, Mike Roberson, Anderson City Police Department, Chief James Stewart,<br><br>Defendants. | Case No. 8:24-cv-03882-DCC<br><br>**ORDER** |

This matter is before the Court on Defendants' motion for summary judgment. ECF No. 86. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to United States Magistrate Judge Kevin F. McDonald for pre-trial proceedings and a Report and Recommendation ("Report"). On May 14, 2026, the Magistrate Judge issued a Report recommending that the motion be granted in part and denied in part. ECF No. 103. The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences for

failing to do so. Plaintiffs filed objections to the Report, and Defendants filed a Reply.[1] ECF Nos. 107, 108.[2]

## APPLICABLE LAW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the

[1] On May 28, 2026, which was the date that objections were due, Plaintiffs filed a motion for extension of time to file objections. ECF No. 104. The undersigned has a preference listed on the district court's website that motions for extension of time not be filed on the date of the currently expiring deadline. That same evening, Plaintiffs filed objections. The next day, the Court granted the extension and allowed Plaintiffs additional time to file objections. ECF No. 106. Plaintiffs then filed amended objections. ECF No. 107. As Plaintiffs are represented by counsel and the Court did not grant an opportunity to file additional or supplemental objections, the Court has considered the amended objections as Plaintiffs' objections and refers to them as such throughout this order. Defendants filed a reply to the amended objections. ECF No. 108. On July 3, 2026, Plaintiffs filed an unauthorized sur-reply. ECF No. 110. The undersigned has a standing order laying out specific instructions on how and when to request permission to file a sur-reply. Plaintiffs' counsel failed to comply with the standing order. Nevertheless, the Court has considered the document. The Court will not consider unauthorized filings submitted by Plaintiffs' counsel going forward in this case or any other case brought by him.

[2] Given the number of parties to this action, the Court takes this opportunity to define each party for clarity throughout this order. The Plaintiffs are: Malik Hagood ("Malik"), Laporsha Hagood ("Laporsha"), Iphigenia Jones ("Iphigenia") (misidentified in the caption and amended complaint as Tphigenia Jones), Kendra Andrews ("Kendra"), Lashandra Hagood ("Lashandra"), Alimah Gray ("Alimah"), M.G., Aniah Gray ("Aniah"), Jeremiah Gray ("Jeremiah"), Andrea Gray ("Andrea"), C.F., and D.F. The Defendants are: William Busha (Officer Busha"), Shane Patrick Galloway ("Officer Galloway"), Cory Barrow ("Officer Barrow"), Chris Ballard ("Officer Ballard"), Craig Gardner ("Officer Gardner"), Mike Roberson ("Lieutenant Roberson"), Anderson City Police Department ("the Department"), and Chief James Stewart ("Chief Stewart").

Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation") (citation omitted).

## ANALYSIS

As an initial matter, the Magistrate Judge has provided a thorough recitation of the relevant facts and applicable law, which, upon de novo review, the Court incorporates by reference.[3] As stated above, Plaintiffs filed objections and the corresponding portions of the Report have been reviewed de novo.

Neither party has objected to the following recommendations by the Magistrate Judge: that summary judgment be denied as to Jeremiah's claims for excessive force against Officers Barrow and Ballard; that summary judgment be denied as to Malik's excessive force claims against Officers Barrow, Busha, Gardner, and Galloway; that Officers Barrow, Busha, Gardner, Galloway, and Ballard should be denied summary

[3] The Court finds that Plaintiffs have objected to the Magistrate Judge's consideration of some evidence; however, there are not objections to the recitation of the facts themselves. Out of an abundance of caution, the Court notes that it has reviewed the entirety of the record, the Report, and the applicable law de novo in order to rule on the portions of the Report that received objections. Upon such review, the Court adopts the Magistrate Judge's recitation of facts.

judgment on qualified immunity grounds on Malik's and Jeremiah's excessive force claims; that summary judgment be granted as to Plaintiffs' intentional infliction of emotional distress claims; that summary judgment be granted as to Plaintiffs' claims for negligent hiring/retention; that summary judgment be granted as to Plaintiffs' negligent infliction of emotional distress claims; that summary judgment be denied as to Malik and Jeremiah's assault and battery claims against Officers Barrow, Busha, Gardner, Galloway, and Ballard and that there are genuine issues of material fact precluding summary judgment as to whether the Department or Officers Barrow, Busha, Garner, Galloway, and Ballard are liable under the South Carolina Tort Claims Act; that summary judgment be granted as to Plaintiffs' claims for negligence/gross negligence; that summary judgment be granted as to Plaintiffs' abuse of process claims; that summary judgment be granted as to Plaintiffs' claims for punitive damages; and that the John Doe defendant be dismissed.[4] Upon review for clear error, the Court agrees with and adopts the recommendations of the Magistrate Judge as to these claims and Defendant John

[4] The Court notes that, at the conclusion of Plaintiffs' objections, they state that they are requesting that the undersigned reject the portions of the Report recommending that summary judgment be granted as to "[n]egligence-based claims" and, in the sur-reply, Plaintiffs request that the Court" [r]eject the portions of the R&R granting summary judgment." ECF Nos. 107 at 21; 110 at 8. These objections are not sufficiently specific in light of the fact that Plaintiffs are represented by counsel; accordingly, these claims are not specifically addressed in this order beyond this paragraph. The Court notes, however, that it has reviewed the entirety of the record, the Report, and the applicable law de novo in deciding summary judgment on the remaining claims. Upon such review, the Court agrees with the recommendations of the Magistrate Judge as to all claims listed in this paragraph.

Doe.

To the extent that Plaintiffs argue that the Magistrate Judge misconstrued the relevant facts or the "gravamen" of this action, the Court has reviewed the entirety of the record, the Report, and the applicable law de novo. Upon such review, the Court overrules these objections and confirms the Magistrate Judge's factual recitation.[5]

***Excessive Force***

As set forth above, the Magistrate Judge recommends that summary judgment be denied as to Jeremiah's claims for excessive force against Officers Barrow and Ballard and as to Malik's excessive force claims against Officers Barrow, Busha, Gardner, and Galloway. The Court has adopted this recommendation. The Magistrate Judge recommends that summary judgment be granted as to Andrea's, D.F.'s, Kendra's, Iphigenia's, Lashandra's, C.F.'s, Laporsha Hagood's, Alimah's, Aniah's, and M.G.'s claims for excessive force. Plaintiffs object; accordingly, the Court's review of the following has been de novo.

Plaintiffs appear to argue that any force against a non-threatening suspect is inherently unreasonable and contend that all Plaintiffs were accused of minor ordinance violations, which do not justify force. ECF No. 107 at 4. Plaintiffs further assert that

[5] Plaintiffs argue that the Report "repeatedly resolves factual disputes in Defendants' favor." ECF No. 107 at 8. The only example given is the issue of whether Malik and Jeremiah resisted arrest—Plaintiffs contend that there was testimony that Malik did not resist arrest. Plaintiffs assert that "dismissal of claims premised on disputed facts constitutes reversible error." *Id.* In the Report, the Magistrate Judge recommends that Malik's and Jeremiah's excessive force claims go forward. Accordingly, any such objection is overruled as insufficiently supported.

"[g]roup-based use of force and chaos creates a jury question." ECF No. 107 at 9. They contend that the Magistrate Judge treated pushing, takedowns, and physical removals of various Plaintiffs as objectively reasonable. They further assert that they suffered injuries, even de minimis injuries are sufficient to establish excessive force, and that there are genuine issues of material fact. *Id.* at 10–11.

Claims for excessive force are analyzed pursuant to the factors articulated in *Graham v. Connor*, 490 U.S. 386 (1989). The issue is whether the use of force was constitutionally unreasonable.

A claim for excessive force is analyzed under an "objective reasonableness" standard. *Yates v. Terry,* 817 F.3d 877, 884 (4th Cir. 2016). The test for reasonableness pursuant to the Fourth Amendment is fact specific and includes consideration of "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Graham*, 490 U.S. at 396 (citing *Tenn. v. Garner*, 471 U.S. 1, 8–9 (1985)) (the "*Graham* factors"). The Fourth Circuit has acknowledged that the second factor is "the most important." *Lewis v. Caraballo*, 98 F. 4th 521, 531 (4th Cir. 2024) (citations omitted).

First, as to the argument that the Magistrate Judge improperly required more than a de minimis injury or minimal force, the Court overrules this objection. In his recitation of the applicable law, the Magistrate Judge specifically states that the severity of the injury is only one consideration in deciding an excessive force claim and that an officer may still be liable for excessive force even if the use of force only results in de minimis injuries.

*See* ECF No. 103 at 7 (quoting *Smith v. Murphy*, 634 F. App'x 914, 917 (4th Cir. 2015)). Further, there is nothing in the Magistrate Judge's analysis indicating that he did not apply the relevant law.

As to Plaintiffs' argument that group-based use of force creates a jury question, Plaintiffs have pointed to no supporting caselaw and the Court is aware of none. Accordingly, this objection is overruled.

Plaintiffs state that there are genuine issues of material fact because one of the officers responded that he "could not recall" when asked a question at his deposition. ECF No. 107 at 10–11. They further allege that the Magistrate Judge "treat[ed]" pushing, takedowns, and physical removals as objectively reasonable when that is a question for a jury. Upon review, the Court disagrees with Plaintiffs' characterization. The Magistrate Judge determined, upon application of the relevant factors, that the amount of force used was objectively reasonable under the circumstances of this case. Further, the isolated instance of a defendant being unable to answer a question does not automatically create a genuine issue of material fact. As noted above, the Magistrate Judge construed all facts and inferences in the light most favorable to the non-moving parties. Accordingly, these objections are overruled.

The Court now turns to a brief discussion of Andrea's, D.F.'s, Kendra's, Iphigenia's, Lashandra's, C.F.'s, Laporsha's, Alimah's, and Aniah's excessive force claims. The Court notes that the Magistrate Judge has included a thorough discussion of each excessive force claim, which the Court incorporates herein.

As to Andrea, the evidence in the record demonstrates that she was charged with

assault and battery in the third degree for striking Officers Barrow and Ballard, she posed an immediate threat to the officers' safety based upon her actions, and she actively resisted by striking them. Thus, weighing the relevant facts, the Court agrees with the Magistrate Judge that the use of force in taking Andrea to the ground was objectively reasonable under the circumstances and summary judgment is granted as to her claim for excessive force.

As to D.F., there is no evidence that he was charged with a crime or for what crime Officer Barrow initially tried to arrest him; however, he refused to comply by pulling away, which put Officer Barrow at risk while D.F.'s sisters struck Officer Barrow. Accordingly, upon consideration of the relevant factors, the Court agrees with the Magistrate Judge that the amount of force used to restrain D.F. was objectively reasonable under these circumstances. Further, there is no evidence that D.F. sustained any injuries. Accordingly, summary judgment is granted as to D.F.'s excessive force claim.

Turning to Kendra, Iphigenia, Lashandra, and C.F., these Plaintiffs were pushed by officers while the officers were dealing with other Plaintiffs. As noted by the Magistrate Judge, "[c]ourts have held that when bystanders attempt to interfere when an officer is arresting someone, '[a] little push is not a clearly unreasonable response in such circumstances.'" ECF No. 103 at 10 (quoting *Johnson v. City of Fayetteville*, 91 F. Supp. 3d 775, 804 (E.D.N.C. 2015) (finding the plaintiff "failed to proffer sufficient evidence from which a jury could conclude that [the officer] used excessive force against her" and, alternatively, that it was not clearly established that the officer's actions against the plaintiff violated her rights, and thus the officer was entitled to qualified immunity (internal

quotation marks and citation omitted))). None of these Plaintiffs suffered injuries and there is no evidence that they were pushed with more than minimal force. This use of force was objectively reasonable under these circumstances; accordingly, summary judgment is granted as to these claims for excessive force.

As to Laporsha, the Magistrate Judge determined that there is no evidence in the record that she was grabbed by the face and sat down while handcuffed. This was a true statement as Plaintiffs had presented no evidence in support of this claim in their response to the motion for summary judgment, their motion to amend their response, their motion for leave to file a sur-reply, or their sur-reply. ECF Nos. 89, 91, 96, 101. Now, in their objections, Plaintiffs have presented a deposition excerpt in support of Laporsha's claim. ECF No. 107-4 at 2 (Malik's deposition in which he states that "he took his hand and he mushed [Laporsha's] face and made her—and dove her all the way down to the ground to sit down."). The Court now considers the propriety of this new evidence.

When a proper objection is made to a particular issue, "a district court is required to consider all arguments directed to that issue, regardless of whether they were raised before the magistrate." *United States v. George,* 971 F.2d 1113, 1118 (4th Cir.1992). However, "[t]he district court's decision whether to consider additional evidence is committed to its discretion, and any refusal will be reviewed for abuse." *Doe v. Chao,* 306 F.3d 170, 183 & n.9 (4th Cir.2002). "[A]ttempts to introduce new evidence after the magistrate judge has acted are disfavored," though the district court may allow it "when a party offers sufficient reasons for so doing." *Caldwell v. Jackson,* 831 F.Supp.2d 911, 914 (M.D.N.C.2010) (listing cases).

Here, counsel has presented no reason for the admission of previously available evidence at this late juncture. This deposition was taken in 2024, well before briefing in this case concluded. Further, as listed above, Plaintiffs were able to file numerous responsive documents to the motion for summary judgment. Accordingly, the Court declines to receive this new evidence at this procedural posture as it has been submitted without explanation or comment by counsel; the Court can see no reason to reward this lack of diligence. *See Christian v. Payne*, No. 6:16-cv-1757-TMC, 2018 WL 1081504, at *2 (D.S.C. Feb. 28, 2018), *aff'd,* 748 F. App'x 504 (4th Cir. 2018) ("Moreover, allowing a party to provide additional evidence only after receiving an unfavorable recommendation weighs against judicial economy and fairness."); *Hornsby v. United States*, No. 2:22-cv-427, 2023 WL 8681187, at *3 (E.D. Va. Dec. 15, 2023) ("As the court explained in *Virgin Enterprises*, 'permitting such piecemeal presentation of evidence is exceptionally wasteful of time of both the magistrate and district judges,' burdens opposing parties, may encourage the withholding of negative evidence, and 'would reward careless preparation of the initial papers.'" (quoting *Virgin Enters. Ltd. v. Virgin Cuts, Inc.*, 149 F. Supp. 2d 220, 223–24 (E.D. Va. 2000))).[6]

However, as noted by the Magistrate Judge, there is properly submitted evidence in the record that Laporsha was handcuffed; accordingly, the Court will consider a Fourth Amendment claim for tight handcuffing. The relevant factors are "whether: 1) the handcuffs were unreasonably tight; 2) the defendants ignored the plaintiff's pleas that the

[6] The Court notes that this ruling also bears on qualified immunity and Laporsha's assault and battery claim.

handcuffs were too tight; and 3) the degree of injury to the wrists." *Parsons v. Miles*, No. 4:17-cv-00708-RBH, 2020 WL 58287, at *5 (D.S.C. Jan. 6, 2020) (internal quotation marks and citation omitted). There is no evidence in the record that the handcuffs were too tight, that her pleas were ignored, or that she suffered injuries from the handcuffing. Accordingly, summary judgment is granted as to this claim for excessive force.

As to Alimah's claim that her handcuffs were too tight, that Officer Busha slammed her down, and that she suffered a sprained wrist and scars, there is no evidence in support of these claims. In his narrative included in the incident report, Officer Busha stated that, after warning her to sit down and her failure to comply, he "put [his] hands on [Alimah's] shoulders, pushed her downwards and sat her on the bench seat in the tent." ECF No. 86-4 at 7. He continues that once she complained that the handcuffs were too tight, Officer Barrow moved the handcuffs to the front of her person. *Id.* Plaintiffs have produced no evidence in support of this claim, including that Alimah suffered any injury. Accordingly, the Court agrees with the Magistrate Judge that no reasonable jury could determine that an officer used excessive force against Alimah; thus, summary judgment is granted as to this claim.

Finally, as to Aniah and M.G., there is no evidence that any Defendant physically touched them. While physical touching is not strictly required to establish an excessive force claim, some showing of use of force is required. *See Schultz v. Braga*, 455 F.3d 470, 483 (4th Cir. 2006) ("[T]o hold an officer personally liable for violation of the Fourth Amendment, the plaintiff must at a minimum be able to demonstrate that the officer actually terminated her freedom of movement by means of the alleged excessive force.").

Here, no such showing has been made; accordingly, summary judgment is granted as to these claims for excessive force.

***Qualified Immunity***

As set forth above, the Magistrate Judge recommends that Officers Barrow, Busha, Gardner, Galloway, and Ballard should be denied summary judgment on qualified immunity grounds as to Malik's and Jeremiah's excessive force claims. The Court has adopted this recommendation. The Magistrate Judge recommends that the Defendant officers be granted qualified immunity as to Andrea's, D.F.'s, Iphigenia's, Kendra's, Lashandra's, C.F.'s, Laporsha's, Alimah's, Aniah's, and M.G.'s claims for excessive force. Plaintiffs object; accordingly, the Court's review of the following has been de novo.

Plaintiffs argue that the Magistrate Judge improperly recommended granting qualified immunity as to several Defendants. ECF No. 107 at 11. They contend that there are genuine issues of material fact that preclude granting qualified immunity.[7] They state that "[t]he base of the objections are the videos created by Plaintiffs." *Id.* at 8.

Qualified immunity protects government officials performing discretionary functions from civil damage suits as long as the conduct in question does not "violate clearly established rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). To determine whether qualified immunity applies, a district court must decide (1) whether any right was violated, and (2) whether that right

[7] Plaintiffs state that the Magistrate Judge granted qualified immunity; however, this appears to be a scrivener's error as the Magistrate Judge made recommendations to this Court. The Court further notes, in the interest of clarity, that qualified immunity is not granted or denied as to Plaintiffs.

was "clearly established" at the time of the alleged violation. *Somers v. Devine*, 132 F.4th 689, 696 (4th Cir. 2025).

As explained for thoroughly herein and by the Magistrate Judge, Andrea, D.F., Iphigenia, Kendra, Lashandra, C.F., Laporsha, Alimah, Aniah, and M.G. failed to meet their burden of demonstrating that their constitutional rights were violated. Accordingly, Defendant officers are entitled to qualified immunity on these Plaintiffs' excessive force claims.

***Lieutenant Roberson***

The Magistrate Judge recommended granting summary judgment as to any claim for bystander liability against Lieutenant Roberson. Plaintiffs object; accordingly, the Court's review of the following has been de novo. In the objections, Plaintiffs contend that Captain Roberson is liable under bystander liability due to his lack of action.[8] ECF No. 107 at 3.

"To succeed on a theory of bystander liability, a plaintiff must demonstrate that a law-enforcement officer '(1) knew that a fellow officer was violating an individual's constitutional rights; (2) had a reasonable opportunity to prevent the harm; and (3) chose

---

[8] The Magistrate Judge construed a bystander liability claim against Lieutenant Roberson. In their objections, Plaintiffs do not specifically object to this recommendation but they do restate their argument from their sur-reply to the motion for summary judgment, in which they may also allege claims of bystander liability against Officers Barrow, Busha, Ballard, and Gardner. This claim is not clearly labeled in the amended complaint and it remains unclear which Defendants it is against. At this procedural posture, the Court finds that Plaintiffs' evidentiary showing and arguments with respect to these officers are insufficiently supported to preclude a finding of summary judgment.

not to act.'" *Stevenson v. City of Seat Pleasant, Md.*, 743 F.3d 411, 417 (4th Cir. 2014) (quoting *Randall v. Prince George's Cty., Md.,* 302 F.3d 188, 204 (4th Cir. 2002)).

Here, as noted by the Magistrate Judge, Lieutenant Roberson does not appear on video until halfway through the encounter and appears focused on the rest of the crowd. There is no evidence in the record demonstrating that he knew any Plaintiff's rights were being violated. Therefore, summary judgment is granted as to this claim.

***Municipal Liability***

The Magistrate Judge recommends granting summary judgment as to Plaintiffs' claims for municipal liability against the Department. Plaintiffs object; accordingly, the Court's review of the following has been de novo.

Plaintiffs assert that the Magistrate Judge misapplied the law on municipal liability. ECF No. 107 at 12–13. They contend that "[t]he complete and utter failure of the entirety of Anderson City Police Department to provide bodycam footage from the Fair despite a written order to do so shows deliberate indifference." *Id.* at 13. They further argue that failure to provide use of force forms "prevents Chief Stewart and the Department from gauging whether the use of force is an issue and whether the Department needs to take action" and constitutes deliberate indifference. *Id.* Plaintiffs argue that the lack of disciplinary action for failure to comply to the policies constitutes deliberate indifference. *Id.* They point to the actions of Randall Human, the Internal Affairs officer for the Department in support. *Id.* at 13–17. Plaintiffs assert that the lack of adherence to internal policies, without repercussions, supports a finding that there is a custom or practice of deliberate indifference; Plaintiffs contend that the Magistrate Judge improperly analyzed

each failure rather than viewing them cumulatively. Plaintiffs further assert that Lieutenant Roberson ignored the misdeeds of his subordinates and did not ensure that use of force forms were signed "based on the fact he did not have bodycam footage himself." ECF No. 107 at 2. They contend that these actions and inactions in this one instance are representative of policies and customs. *Id.* at 3.

Local governing bodies, such as counties, municipal corporations, and school boards are "persons" that can be sued directly under § 1983 for monetary, declaratory, or injunctive relief when alleged unconstitutional action executes governmental policy or custom. *Id.* To establish municipal liability, a plaintiff must plausibly allege that the defendant's policies caused the constitutional violation. *McMillian v. Monroe Cnty., Ala.*, 520 U.S. 781, 784 (1997). A municipality is responsible only when execution of its policy or custom—made by its lawmakers or individuals whose acts "may fairly be said to represent official policy"—inflicts injury. *Id.* (quoting *Monell*, 436 U.S. at 694); *Spell v. McDaniel*, 824 F.2d 1380, 1385 (4th Cir. 1987). A policy or custom for which a municipality may be held liable can arise in four ways: (1) through an express policy, such as a written ordinance or regulation; (2) through the decisions of a person with final policymaking authority; (3) through an omission, such as a failure to properly train officers, that "manifests deliberate indifference to the rights of citizens"; or (4) through a practice that is so "persistent and widespread" as to constitute a "custom or usage with the force of law." *Lytle v. Doyle*, 326 F.3d 463, 471 (4th Cir. 2003) (partially quoting *Carter v. Morris*, 164 F.3d 215, 217 (4th Cir. 1999)).

There is no argument or evidence that the Department had an unconstitutional

official policy or custom. Rather, Plaintiffs argue that Defendants failure to follow the Department's internal policies regarding bodycams and use of force forms resulted in a constitutional violation. As explained in more detail by the Magistrate Judge, the Fourth Circuit recently determined that "it is no more 'the province of the Fourth Amendment' to enforce local department policies than it is to enforce state law . . . and [the defendant] wisely concedes that neither the lack of bodycam footage nor the underlying policy violations themselves violate the Fourth Amendment." *United States v. Joseph*, 138 F.4th 797, 801 (4th Cir. 2025) (quoting *Virginia v. Moore*, 553 U.S. 164, 178 (2008)). Therefore, violations of department policy, including failure to activate bodycams and failure to complete use of force forms, do not rise to the level of a constitutional violation. Accordingly, summary judgment is granted as to any municipal liability claim against the Department.[9]

***Equal Protection***

The Magistrate Judge recommends granting the motion for summary judgment as to Plaintiffs' equal protection claims. Plaintiffs object; accordingly, the Court's review of the following has been de novo.

Plaintiffs contend that the Magistrate Judge improperly concluded that they failed to show discriminatory intent because the evidence must be viewed collectively. ECF No.

[9] Plaintiffs assert that the lack of body cam footage and use of force forms led to a lack of evidence, which forecloses summary judgment. ECF No. 107 at 2, 7. However, repeatedly in the Report and now in this order, a lack of evidence has been construed in Plaintiffs' favor. To the extent Plaintiffs request full denial of summary judgment based on a lack of bodycam footage, that result is not required or supported by the applicable law.

107 at 17. They argue that the Magistrate Judge required direct evidence to support this claim, which is not necessary to survive summary judgment.

The Equal Protection Clause of the Fourteenth Amendment provides that "[n]o State shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. To succeed on an equal protection claim, Plaintiffs "must first demonstrate that [they] ha[ve] been treated differently from others with whom [they are] similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination." *Morrison v. Garraghty,* 239 F.3d 648, 654 (4th Cir. 2001). If Plaintiffs make this showing, "the court proceeds to determine whether the disparity in treatment can be justified under the requisite level of scrutiny." *Id.*

Contrary to Plaintiffs assertions, there is no language in the Report requiring direct evidence of discrimination. Rather, the Magistrate Judge determined that more evidence is required than what has been presented by Plaintiffs. The Court agrees. Plaintiffs maintain that the evidence "must be viewed collectively." ECF No. 107 at 17. They assert that the evidence demonstrates that "Plaintiffs were comprised of two separate groups of African Americans. All of the officers involved were white. Only Black individuals were subjected to arrests and force. Statements and conduct indicated discriminatory targeting. No similarly situated white individuals were arrested or handled." *Id.* Presumably, the statements referenced are that Officer Barrow referred to D.F., a twelve-year-old male, as "boy" and "son." *See* ECF No. 24 at 13. With respect to these statements, courts within this circuit have held that offensive slurs are not actionable under § 1983. *See Wilson v. McKeller*, 254 F. App'x 960, 961 (4th Cir. 2007) ("Wilson

also alleges that one of the correctional officers used a racial slur while assaulting him. While the alleged statement was deplorable, mere threats or verbal abuse, without more, do not state a cognizable claim under § 1983." (citation omitted)). Moreover, Plaintiffs have produced no evidence of discriminatory intent beyond the facts of this case and some use of force forms for some of the Defendant officers. These are insufficient to establish discriminatory purpose. Accordingly, summary judgment is granted as to this claim.

***State Law Claims***

*False Arrest/False Imprisonment*

The Magistrate Judge recommends granting summary judgment as to Plaintiffs' claims for false arrest. Plaintiffs object; accordingly, the Court's review of the following has been de novo.

Plaintiffs argue that the Magistrate Judge improperly determined that probable cause existed for the arrests. ECF No. 107 at 18–19. They assert that there are genuine issues of material fact as to whether their conduct rose to the level of criminal behavior.

To establish a claim for false imprisonment, "the evidence must demonstrate (1) the defendant restrained the plaintiff, (2) the restraint was intentional, and (3) the restraint was unlawful." *Caldwell v. K-Mart Corp.*, 410 S.E.2d 21, 23 (S.C. Ct. App. 1991) (citing *Andrews v. Piedmont Air Lines*, 377 S.E.2d 127 (S.C. Ct. App.1989)). "The fundamental issue in determining the lawfulness of an arrest is whether there was probable cause to make the arrest." *Law v. S.C. Dep't of Corr.*, 629 S.E.2d 642, 651 (S.C. 2006) (citing *Gist v. Berkeley Cnty. Sheriff's Dep't*, 521 S.E.2d 163, 165 (S.C. Ct. App. 1999)).

Plaintiffs' conclusory allegations without more are insufficient to preclude a finding of summary judgment. As explained in more detail by the Magistrate Judge, there is not sufficient evidence in the record to support Plaintiffs' claims for false arrest. There is evidence that Malik directed profanity at the officers; accordingly, there was probable cause to arrest him for public disorderly conduct. Officer Barrow had probable cause to arrest Jeremiah for using profanity at the fair, Officer Gardner had probable cause to arrest Laporsha for using profanity and disregarding an officer's instructions, Officer Ballard had probable cause to arrest Andrea for assault and battery because video evidence shows her hitting Officers Barrow and Ballard, Officer Barrow had probable cause to handcuff D.F. because video evidence shows him pulling away from Officer Barrow, and Officer Busha has probable cause to handcuff Alimah as he assisted in her arrest when she tried to enter the fair after being told she could not enter. Accordingly, summary judgment is granted as to these claims.[10]

---

[10] Without further explanation, in their objections, Plaintiffs argue that D.F., Jeremiah, Andrea, Laporsha, Malik, and Alimah, were all deprived of their liberty by being handcuffed pursuant to the Fourteenth Amendment. ECF No. 107 at 5. They discuss this as a Due Process violation and false imprisonment. As noted by the Magistrate Judge, Plaintiffs attempted to raise a Fourteenth Amendment Due Process claim for the first time in their response in opposition to the motion for summary judgment. *See* ECF No. 103 at 22 n.10. The Magistrate Judge specifically stated that "the plaintiffs may not raise a claim for the first time in response to the defendants' motion for summary judgment. *Id.* (citing *Barclay White Skanska, Inc. v. Battelle Mem'l Inst.*, 262 F. App'x 556, 563 (4th Cir. 2008) (finding that a plaintiff cannot raise new claims after discovery has started unless the plaintiff first amends his complaint) (citing *Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1315 (11th Cir. 2004))). Plaintiffs do not address the Magistrate Judge's discussion of this issue and have not moved to amend their operative complaint. Accordingly, the Court declines to consider any Due Process claim as it has not been properly raised.

*Assault and Battery*

Plaintiffs assert assault and battery claims on behalf of D.F., C.F., Andrea, Jeremiah, Laporsha, Lashandra, Iphigenia, Kendra, and Malik against Officers Barrow, Busha, Gardner, Galloway, and Ballard; they assert assault claims on behalf of Aniah and M.G. against Officer Galloway. As set forth above, the Magistrate Judge recommends that summary judgment be denied as to Malik and Jeremiah's claims for assault and battery against Officers Barrow Busha, Gardner, Galloway, and Ballard. Further, as set forth above, no party has objected to the Magistrate Judge recommendation that there is a genuine dispute of material fact over whether the Department or Officers Barrow, Busha, Garner, Galloway, and Ballard are liable under the SCTCA. The Court has adopted these recommendations. The Magistrate Judge recommends that summary judgment be granted as to D.F.'s, C.F.'s, Andrea's, Laporsha's, Lashandra's, Iphigenia's, and Kendra's assault and battery claims and as to Aniah's and M.G.'s assault claims. Plaintiffs object; accordingly, the Court's review of the following has been de novo.

Plaintiffs assert that the Magistrate Judge improperly dismissed assault and battery claims one the basis that the force used was "reasonable." ECF No. 107 at 17–18. They point to their arguments with respect to excessive force.

"The elements of civil assault and battery claims are well-settled in South Carolina." *Hunter v. Nkrumah*, No. 8:24-cv-00954-BHH-KFM, 2024 WL 5097731, at *3 (D.S.C. Nov. 22, 2024), *report adopted,* 2024 WL 5091505 (D.S.C. Dec. 12, 2024). Assault and battery are intentional torts. *Rosendall v. Voight*, No. 4:17-cv-0821-BHH-TER, 2017 WL 9674476, at *2 (D.S.C. Sept. 11, 2017). The elements of a civil claim for

assault are: "(1) conduct of the defendant which places the plaintiff, (2) in reasonable fear of bodily harm." *Mellen v. Lane*, 659 S.E.2d 236, 244 (S.C. Ct. App. 2008) (citing omitted). "A battery is the 'actual infliction of any unlawful, unauthorized violence on the person of another, irrespective of its degree; it is unnecessary that the contact be by a blow, as any forcible contact is sufficient.'" *Id.* (quoting *Gathers v. Harris Teeter Supermarket, Inc.*, 317 S.E.2d 748, 754 (S.C. Ct. App. 1984)). "[A] law enforcement officer who uses reasonable force in effecting a lawful arrest is not liable for assault or battery. However, if the officer uses excessive force, or 'force greater than is reasonably necessary under the circumstances,' the officer may be liable for assault or battery." *McCoy v. City of Columbia*, 929 F. Supp. 2d 541, 567 (D.S.C. 2013) (internal citations omitted).

Based upon the Court's analysis above with respect to excessive force, the Court finds that assault and battery claims of D.F., C.F., Andrea, Laporsha, Lashandra, Iphigenia, and Kendra fail because the force used was not "unlawful." Further, Officer Galloway's direction to Aniah and M.G. to stay back or else he would punch them out were mere words that do not constitute an assault. Accordingly, summary judgment is granted as to D.F.'s, C.F.'s, Andrea's, Laporsha's, Lashandra's, Iphigenia's, and Kendra's assault and battery claims and as to Aniah's and M.G.'s assault claims.

*Negligent Supervision and Training*

The Magistrate Judge recommends granting summary judgment as to Plaintiffs' claims for negligent supervision or training. Plaintiffs object; accordingly, the Court's review of the following has been de novo.

Plaintiffs disagree with the Magistrate Judge's finding that there is no evidence

linking policy violations to Plaintiffs' injuries. ECF No. 107 at 19–20. They assert that "[a] reasonable jury could conclude these [policy] failures contributed to the unconstitutional conduct." *Id.* at 20.

An employer may be liable for negligent supervision or training if the employee harms another when the employee: (1) is upon the premises of the employer or is using a chattel of the employer, (2) the employer knows or has reason to know that he has the ability to control his employee, and (3) the employer knows or should know of the necessity and opportunity for exercising such control. *Degenhart v. Knights of Columbus*, 420 S.E.2d 495, 496 (S.C. 1992). The court should examine specific allegations regarding an employee's history, behaviors, or pattern of behavior when examining causes of action for negligent supervision. *See Holcombe v. Helena Chem. Co.*, 238 F. Supp. 3d 767, 772 (D.S.C. 2017) (granting summary judgment on negligent hiring claim where record contained no evidence of "any acts that might be similar to the incident [at issue therein]" but denying summary judgment on a negligent supervision claim because employer trained employee to perform an improper and dangerous maneuver and knew or should have known employee might perform it).

Here, despite Plaintiffs' objections to the contrary, there is no evidence linking the Defendant officers' failure to turn on their bodycams or complete use of force forms as a cause of any constitutional violation. With respect to Lieutenant Roberson, there is no evidence that he knew or should have known of the necessity for exercising control over any other officer; further, there is no evidence that Lieutenant Roberson acted or did not act in a way that contributed to Plaintiffs' alleged injuries. Accordingly, summary judgment

is granted as to Plaintiffs' claims for negligent supervision or training.

*Slander/Defamation Per Se*

The Magistrate Judge recommends granting the motion for summary judgment as to Plaintiffs' claims for slander/defamation per se. Plaintiffs object; accordingly, the Court's review of the following has been de novo.

Plaintiffs argue that "Defendants defamed each Plaintiff who was grabbed, taken down and cuffed." ECF No. 107 at 20. They assert that because there was no arrest warrant and no prosecution, "the conduct against them could only have led to defamatory inferences to the public." *Id.*

Defamation requires: (1) a false and defamatory statement concerning another; (2) an unprivileged publication to a third party; (3) fault on the part of the publisher; and (4) either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication." *Holtzscheiter v. Thomson Newspapers, Inc.*, 506 S.E.2d 497, 506 (S.C. 1998) (citing Restatement (Second) of Torts § 558 (1977)). "Slander is a spoken defamation." *Parrish v. Allison*, 656 S.E.2d 382, 388 (S.C. Ct. App. 2007).

Plaintiffs have not identified a defamatory statement. With respect to their argument that the public could only make defamatory inferences based on the unfolding events, the Magistrate Judge referenced their own assertions that "all of the [d]efendants talked about large crowds, when the only people located near the locations of the incidents were [p]laintiffs themselves" and "in essence, there was no public for which Plaintiffs could have been offended by disorderly conduct" as "the Fair was relatively empty." ECF No. 95 at 14, 26. Accordingly, summary judgment is granted as to Plaintiffs'

slander/defamation per se cause of action.[11]

## CONCLUSION

For the foregoing reasons, the Court agrees with the recommendation of the Magistrate Judge. Defendants' motion for summary judgment [86] is **GRANTED in part and DENIED in part**. The motion is denied as to Malik Hagood's and Jeremiah Gray's § 1983 excessive force and state law assault and battery claims against Officers Barrow, Busha, Gardner, Galloway, and Ballard, as well as their state law assault and battery claims against the Department. The remainder of the motion is granted.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

September 10, 2026
Spartanburg, South Carolina

[11] In the sur-reply, Plaintiffs state that the summary judgment standard has been misapplied because it has been noted that they have failed to produce evidence in support of some of their claims. ECF No. 110 at 7. They state that they are only required to demonstrate a genuine issue of material fact at this stage. Indeed, Plaintiffs are required to demonstrate the existence of a genuine issue of material fact; however, such must be accomplished by more than mere allegations at this procedural posture. *See* Fed. R. Civ. P. 56(c)(1).